UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DARREN DEON JOHNSON, #753595, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:18-cv-381 |
| v. | ) ) Honorable Robert J. Jonker |
| MICHAEL WILKINSON, | ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Muskegon Correctional Facility. Plaintiff alleges that Health Unit Manager Michael Wilkinson was deliberately indifferent to his back pain in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause.[1]

The matter is before the Court on defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (ECF No. 44). Plaintiff opposes the motion. (ECF No. 51-55). Also before the Court is plaintiff's motion for a preliminary injunction. (ECF No. 46). Defendant opposes the motion. (ECF No. 56). Plaintiff filed a reply. (ECF No. 57). For the reasons set forth herein, I recommend that the Court deny

---

[1] All other claims have been dismissed. (ECF No. 15, 16).

plaintiff's motion for a preliminary injunction. I further recommend that the Court grant defendant's motion for summary judgment and enter a judgment dismissing plaintiff's claim against defendant without prejudice.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence

of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting only [a] 'metaphysical doubt' is insufficient to survive summary judgment.") (quoting *Matsushita*, 475 U.S. at 586). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). In other words, the movant with the burden of proof " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free

to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.² In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

**<u>Proposed Findings of Fact</u>**

The following facts are beyond genuine issue. Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Muskegon

---

²A copy of the policy directive is found in the record. (*See* ECF No. 45-2, PageID.275-81).

Correctional Facility (MCF) at all times relevant to his complaint. Health Unit Manager Michael Wilkinson was an MDOC employee at MCF during this period.

Plaintiff filed a number of grievances, and he pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 45-3, PageID.283-313). One grievance is related to plaintiff's claim; accordingly, it warrants further discussion.

On March 12, 2018, MCF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. MCF-18-03-259-28E. (ECF No. 45-3, PageID.312). Plaintiff's grievance is set forth verbatim below:

> December 2017 and February 2018 I sent a kite to medical and have explained that I have a back condition that gives me excruciating pain. Sometimes I wake up and be in excruciating pain. I have collapsed twice from the pain which has exposing me to further injury. I need an x-ray and further medical treatment to see what is causing the excruciating pain and for me to collapse. I am asking for a special mattress, because the hard mattress that I am on is causing most of the pain. I am once again asking for pain medication.

(ECF No. 45-3, PageID.312).

Plaintiff's grievance was rejected as untimely at Step I of the grievance process[3] and the rejection was upheld on that basis at Steps II and III. (*Id.* at PageID.309-13).

---

[3] Plaintiff was required to attempt to resolve the issue with the staff member involved within two business days of becoming aware of a grievable issue, and if the issue was not resolved, file his Step I grievance within five business days of the attempted resolution. (P.D. 03.02.130 ¶ P, ECF No. 45-2, PageID.277).

## Discussion

### I    Plaintiff's Motion for a Preliminary Injunction

Plaintiff seeks a preliminary injunction compelling defendant to provide him with physical therapy and medical consultation with a physician "qualified to assess and treat his [back] condition." (ECF No. 47, PageID.319).

"A preliminary injunction "is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citation and quotation omitted). Because it is an extraordinary remedy, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *see also* FED. R. CIV. P. 65. The four factors this court is to consider on a motion for a preliminary injunction are well-established. *See Southern Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claim. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

Plaintiff's motion for a preliminary injunction should be denied.

## II.     Defendant's Motion for Summary Judgment

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him, as required by 42 U.S.C. § 1997e(a).

Plaintiff seeks to avoid summary judgment by arguing that his claim is exhausted because he pursued Grievance No. MCF-18-03-259-28E through a Step III decision. (Plf. Brief, 2, ECF No. 52, PageID.334).

Exhaustion analysis is patterned after habeas corpus procedural default analysis. The pivotal question is whether the Step III decision, the last decision, was based on the enforcement of a procedural bar. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *see also Reynolds-Bey v. Harris*, 428 F. App'x. 493, 502 (6th Cir. 2011) (The Step III decision is "the equivalent of the last state court [decision] in [a] habeas [case.]"). Here, Grievance No. MCF-18-03-259-28E was rejected at Step III because it was untimely. The Court honors procedural rules that prison officials enforce. *See Reed-Bey v. Pramstaller*, 603 F.3d at 326; *see also Doss v. Mackie*, No. 2:16-cv-135, 2017 WL 6047754, at *4 (W.D. Mich. Nov. 7, 2016) ("[W]here a Step III response rejects a grievance for failing to follow MDOC grievance procedure, the grievance cannot be considered properly exhausted under the policy.").

Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Defendant has carried his burden on the affirmative defense and is entitled to dismissal of plaintiff's claim.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Court deny plaintiff's motion for a preliminary injunction (ECF No. 46).  I further recommend that the Court grant defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies (ECF No. 44), and enter a judgment dismissing plaintiff's claim against defendant without prejudice.


Dated:   June 17, 2019                    /s/  Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge


**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).