UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN DEON JOHNSON,

    Plaintiff,

v.

CASE NO. 1:18-CV-381

HON. ROBERT J. JONKER

MICHAEL WILKINSON et al.,

    Defendants.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 59) and Plaintiff's Objections to it. (ECF No. 60). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge correctly concluded that Plaintiff is not entitled to the relief he seeks.

1. ***Plaintiff's Motion for a Preliminary Injunction***

The Magistrate Judge first recommends the Court deny Plaintiff's motion for a preliminary injunction. Plaintiff's motion (ECF No. 46) seeks an order from the Court compelling Defendant to provide him with physical therapy and a medical consultation with a qualified physician. The Magistrate Judge concluded that Plaintiff had not demonstrated any of the four factors used by the Sixth Circuit when evaluating such motions. (ECF No. 59, PageID.369 (citing *Southern Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (2017)).

Plaintiff's objection, while disagreeing with the Magistrate's conclusion, does not identify any error in the Magistrate Judge's analysis. Rather his objections merely insists, largely in a conclusory fashion, that he has demonstrated he is entitled to a preliminary injunction. The gravamen of his Objection discusses the back pain he continues to experience and, he contends, is being ignored by the Defendant. Howe ver, "serious health risks alone do not entitle a plaintiff to a preliminary injunction." *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013). And at bottom, the purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir.1997). Plaintiff's requested relief would alter the status quo. After its de novo review, the Court agrees with the Magistrate Judge that Plaintiff's motion for a preliminary injunction is without merit.

2. ***Defendant's Motion for Summary Judgment on the Basis of Exhaustion***

The Magistrate Judge next recommends the Court grant Defendant's motion for summary judgment and dismiss this action for lack of proper exhaustion. Plaintiff objects by asserting he has exhausted his claim.

Under the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). Additionally, a plaintiff must fully exhaust his administrative remedies before filing a complaint. *See Freeman*, 196 F.3d at 645. Further, "the PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis added). Thus, in order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007); *Woodford*, 548 U.S. at 90-91. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

In *Woodford*, the Supreme Court held that the exhaustion requirement was not satisfied when grievances were dismissed because prisoners had missed deadlines set by the grievance policy. 548 U.S. at 91. Under the MDOC Grievance Policy, inmates must first attempt to resolve a problem orally with the staff member involved within two business days of becoming aware of

3

the grievable issue unless prevented by circumstances beyond his or her control. MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ Q. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* A grievance coordinator has discretion to reject a grievance that filed in an untimely manner. Mich. Dep't. of Corr., Policy Directive 03.02.130 at ¶ J(5).

Plaintiff filed grievance MCF-18-03-259-28E on March 11, 2018. In it, Plaintiff argued that he had a back condition that was giving him excruciating pain. He requested x-rays, treatment, and a special mattress. Plaintiff further stated he had sent a kite to "medical" in December 2017 and February 2018. He failed to name any other individual in the grievance form. The MDOC issued a Step 1 response on March 12, 2018 rejecting it as being untimely. On that basis, the Magistrate Judge recommends granting Defendant's motion for summary judgment on the basis of exhaustion. That is, because his grievance was not timely filed, the Magistrate Judge concluded Plaintiff's claims were not "properly exhausted" under *Woodford*. 548 U.S. at 102.

Plaintiff's objection argues there is a genuine issue of material fact on the matter. The Court disagrees. As noted above, a grievance at Step I "must be filed "[w]ithin five business days after attempting to resolve a grievable issue with staff." MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ Q. It is true that "the prison regulations do not define a 'grievable issue'" and while "some discrete events obviously fit neatly with that label, such as an assault by a prison guard or a denial of certain privileges, other circumstances may not become 'grievable' until the passage of time." *Ellis v. Vadlamudi*, 568 F.Supp.2d 778, 783 (E.D. Mich. 2008). Here, however, the analysis is fairly straightforward. Plaintiff complained about the denial of medical care in two "kites" he sent to medical in December 2017 and February 2018. In other words, he attempted to resolve the

4

issue with staff. At that point, he had five days to submit a Step 1 grievance form. Even giving Plaintiff the last day available–February 28, 2018–he did not file a grievance until March 11, 2018, more than five days later.

Perhaps recognizing this deficiency, Plaintiff argues in his objection that he attempted to resolve the issue with the Defendant "a couple of days before March 11, 2018." (ECF No. 60, PageID.374). He references only the "declarations and affidavits on record", of which there are plenty. In the Court's review of the record, there is only one mention of any other kite. In a Declaration dated September 24, 2018, Plaintiff states that after receiving no response to his February 2018 kite to medical he "then submitted a medical kite directly to defendant Wilkerson [sic] but [received] no response[.]" (ECF No. 37, PageID.235). No date is given here and Plaintiff does not demonstrate how this assertion renders his grievance timely or creates a genuine issue with respect to a material fact. Indeed, a greivance is required to contain the [d]ates, times, places, and names of all those involved in the issue being grieved[.] MICH. DEP'T. OF CORR., Policy Directive 03.02.130, ¶ S. The grievance form further requires the prisoner to list the attempts that were made to resolve the issue. Here, only the December 2017 and February 2018 kites were listed.

At bottom "[a]s long as the state clearly rejects a grievance for the reason explicitly set forth in the applicable grievance procedure, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust." *See Burnett v. Howard*, No. 2:09-cv-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30 2010) (internal quotation marks omitted). Accordingly, Plaintiff's § 1983 claim based on grievance MCF-18-03-259-28E, which was rejected as untimely, is subject to dismissal. This is not to say that Plaintiff will be unable to exhaust a claim based on his assertion of a continuing violation, however he has not done so here.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 59) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 44) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 46) is **DENIED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**


Dated:   July 16, 2019                                /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        CHIEF UNITED STATES DISTRICT JUDGE